IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DELORES A. COOK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Case No.   CIV-07-1244-F |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

# FINDINGS & RECOMMENDATION
## OF MAGISTRATE JUDGE

Plaintiff brings this action pursuant to 42 U.S.C. §405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying her application for disability insurance benefits (DIB) under 42 U.S.C. §§416(i) and 423. This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B), and for the reasons stated herein, it is recommended that the Commissioner's decision be **AFFIRMED.**

### PROCEDURAL HISTORY

Plaintiff protectively filed her application for DIB on January 21, 2005 alleging a disability since October 7, 2004 (TR. 70-73). The application was denied on initial consideration and on reconsideration at the administrative level (TR. 23, 22). Pursuant to Plaintiff's request, a hearing *de novo* was held before an ALJ on February 20, 2007 (TR. 301-329). The Plaintiff appeared in person and with her attorney and offered her testimony in support of the application (TR. 305-324). A vocational expert (VE) testified at the request of the ALJ (TR. 324-328). The ALJ issued his decision on April 27, 2007 finding that Plaintiff was not entitled to DIB (TR. 15-21). The Appeals Council denied the Plaintiff's request for review on October 22, 2007, and thus, the decision of the ALJ became the final decision of the Commissioner (TR. 4-6).

## STANDARD OF REVIEW

The Tenth Circuit case of *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800-801 (10th Cir. 1991), sets forth the standard of review for social security disability cases:

> We must affirm the decision of the Secretary if it is supported by substantial evidence. (*citations omitted*). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." (*citations omitted*). In evaluating the appeal, we neither reweigh the evidence nor substitute our judgment for that of the agency. (*citations omitted*). We examine the record as a whole, including whatever in the record fairly detracts from the weight of the Secretary's decision and, on that basis, determine if the substantiality of the evidence test has been met. (*citations omitted*). If, however, the correct legal test in weighing the evidence has not been applied, these limitations do not apply, and such failure constitutes grounds for reversal. (*citations omitted*).

Further, the Tenth Circuit has stated that "[a] finding of no substantial evidence will be found only where there is a conspicuous absence of credible choices or no contrary medical evidence." *Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) (*citations omitted*).

## DISCUSSION & FINDINGS

In addressing the Plaintiff's disability application the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §404.1520. At step one, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date, so the process continued (TR. 17). At step two, the ALJ concluded that Plaintiff's panic and affective disorders and her spine disorder were severe impairments (TR. 17). At step three, the ALJ found that the Plaintiff did not have an impairment or combination of impairments which met or equaled any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 18). At step four, the ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform her past relevant work (PRW) as a batch entry clerk, health information clerk, medical record clerk, accounts clerk, and senior records clerk (TR. 20). Thus, at step four of the sequential analysis the ALJ concluded that Plaintiff

was not disabled within the meaning of the Social Security Act and was therefore not entitled to DIB (TR. 20-21).

On appeal to this Court, Plaintiff alleges that the ALJ erred by (I) failing to fully develop the record; (II) by failing to make the proper findings at step four; and (III) by failing to properly consider the opinions of Plaintiff's chiropractor.

MEDICAL EVIDENCE

In September 2004, Plaintiff was examined by her treating physician, Reid Parkison, M.D., who reported that she was not in any physical distress; that she was oriented times three with no flattening of effect and no suicidal ideation present; and that she was capable of exercising good judgment and had "some insight" into the situation (TR. 224).  Dr. Parkison also observed that Plaintiff appeared anxious, depressed, and was crying (TR. 224).  Dr. Parkison's assessment was of panic disorder and depression (TR. 224). He "strongly advocated" that Plaintiff schedule counseling and prescribed Paxil and Xanax for her condition (TR. 224).

In November 2004, Dr. Parkison, after examining Plaintiff, stated that she appeared to be in moderate pain; that her gait was normal and strength intact; that her deep tendon reflexes were 2+ at the knees; and that her straight leg raising was positive on the right at 70 degrees (TR. 223). His assessment was of radicular low back pain (TR. 223).

By letter dated April 12, 2005, Plaintiff's chiropractor, Michael B. Rowe, D.C., stated that Plaintiff was "having a problem with prolonged periods of sitting and standing. Also with carrying and any lifting" (TR. 238).

In May 2005, C.M. Kampschaeffer, Psy.D, completed a Psychiatric Review Technique form in which he concluded that Plaintiff's mental impairments were not severe (TR. 241). He determined that she had an affective disorder and an anxiety related disorder (TR. 244, 246).  Dr. Kampschaeffer concluded that Plaintiff had only mild functional limitations in the following areas: Restriction of activities of daily living; difficulties in maintaining social functioning; and difficulties in

3

maintaining concentration, persistence or pace (TR. 251).   Dr. Kampschaeffer also found that Plaintiff had no "Episodes of Decompensation, Each of Extended Duration" (TR. 251). As to his conclusions, Dr. Kampschaeffer reasoned that Plaintiff had no hospitalizations, counseling, or psychiatric care for mental issues; that exam notes showed Plaintiff was doing better on her mediations and was less anxious; and that Plaintiff's activities of daily living included watching television, caring for children and pets, self grooming, cooking, light housework, driving, shopping, paying bills, counting change, handling a savings account, using a check book, reading and socializing (TR. 253).

Also in May 2005, agency physicians completed an RFC assessment of Plaintiff in which they concluded that Plaintiff could occasionally lift and/or carry 20 pounds and frequently lift and/or carry 10 pounds; that Plaintiff could stand and/or walk and sit (with normal breaks) for a total of about 6 hours in an 8-hour workday (TR. 256). Agency physicians found that Plaintiff had no other exertional, postural, manipulative, visual, communicative or environmental limitations (TR. 256-259).

In May 2006, Plaintiff was examined by Frank Lawler, M.D., who found that she had moderate back spasms in the lumbar area; and that her deep tendon reflexes were symmetrical (TR. 280).  Dr. Lawler's assessment was of chronic back pain and chronic anxiety (TR. 280).  He advised her to continue taking Xanax as needed (TR. 280).

Treatment notes from J.M. Ardis, M.D., showed that Plaintiff was prescribed medication for anxiety, depression and "PTSD" in January 2003 and January 2007 (TR. 288, 287).

At the administrative hearing, Plaintiff's counsel stated

> Your honor. I would request an, for your consideration to maybe consider a psychological CE given the allegations. I don't think there has, there hasn't been one done. I think there was a psych review form filled out but there hasn't actually been a [sic] consultive exam

(TR. 324).

# I.

Plaintiff argues that the ALJ erred by not fully developing the record by obtaining a consultative psychological exam (See Plaintiff's Brief at pages 2-3).   Although a claimant has the general duty to prove disability, a social security disability hearing is a non-adversarial proceeding and an ALJ has a duty to develop the factual record.   *See Musgrave v. Sullivan*, 996 F.2d 1371, 1374 (10th Cir. 1992). The ALJ has a basic duty of inquiry to fully and fairly develop the record as to material issues. *Baca v. Department of Health & Human Servs.*, 5 F.3d 476, 479-80 (10th Cir. 1993). The statutes require that "[i]n making any determination the Commissioner of Social Security shall make every reasonable effort to obtain from the individual's treating physician (or other treating health care provider) all medical evidence, including diagnostic tests, necessary in order to properly make such determination, prior to evaluating medical evidence obtained from any other source on a consultative basis."  42 U.S.C. § 423(d)(5)(B).

The Commissioner has broad latitude in ordering consultative examinations. *Hawkins v. Chater*, 113 F.3d 1162, 1166 (10th Cir. 1997). *See Diaz v. Secretary of Health & Human Servs.*, 898 F.2d 774, 778 (10th Cir.1990).  Nevertheless, it is clear that, where there is a direct conflict in the medical evidence requiring resolution or where the medical evidence in the record is inconclusive, a consultative examination is often required for proper resolution of a disability claim. 20 C.F.R. § 404.1519a(b)(4); *Thompson v. Sullivan*, 987 F.2d 1482, 1491 (10th Cir.1993).

The medical and testimonial evidence does not appear to be either in direct conflict or inconclusive so as to require a consultative opinion. 20 C.F.R. §404.1519a(b)(4); 20 C.F.R. § 416.919a(b)(4). The ALJ was not confronted with any such unresolved evidentiary issue. In finding Plaintiff's mental impairment to be non-severe the ALJ correctly observed in his decision that Plaintiff had "not required hospitalization although medications have been prescribed as part of an outpatient treatment plan. The claimant's daily activities provide a good indicator of her functioning" (TR. 17).  The ALJ also noted in his decision that Plaintiff's formal education and work experience

5

served to substantiate the conclusions of the agency physicians who found Plaintiff's mental disorders to be non-severe (TR. 17).

Thus, it appears that the ALJ did not err in failing to obtain a consultative mental examination.

## II.

Plaintiff alleges that the ALJ erred by failing to make the proper findings at step four (See Plaintiff's Brief at pages 3-6).  At step four, Social Security Regulation 82-62 requires an ALJ to develop the record with respect to a claimant's PRW.

> The decision as to whether the claimant retains the functional capacity to perform past work which has current relevance has far-reaching implications and must be developed and explained fully in the disability decision.
> . . . .
> [D]etailed information about strength, endurance, manipulative ability, mental demands and other job requirements must be obtained as appropriate.  This information will be derived from a detailed description of the work obtained from the claimant, employer, or other informed source.  Information concerning job titles, dates work was performed, rate of compensation, tools and machines used, knowledge required, the extent of supervision and independent judgment required, and a description of tasks and responsibilities will permit a judgment as to the skill level and the current relevance of the individual's work experience.

Soc. Sec. Rep. Serv., Rulings 1975-1982, SSR 82-62 (West 1982).  The ALJ must make specific factual findings detailing how the requirements of claimant's past relevant work fit the claimant's current limitations.  The ALJ's findings must contain:

> 1.    A finding of fact as to the individual's RFC.
> 2.    A finding of fact as to the physical and mental demands of the past job/occupation.
> 3.    A finding of fact that the individual's RFC would permit a return to his or her past job or occupation.

SSR 82-62; *Washington v. Shalala*, 37 F.3d 1437, 1442 (10th Cir. 1994); *Henrie v. United States Dep't of Health & Human Services*, 13 F.3d 359, 361 (10th Cir. 1993).

Here, the ALJ found that Plaintiff had the RFC to perform light work (TR. 18). The ALJ's RFC

6

assessment is supported by substantial evidence. Plaintiff claims that the ALJ erred by not making specific findings regarding the physical and mental demands of her PRW and by improperly relying on VE testimony as the sole basis for his conclusion that Plaintiff's impairments did not preclude the performance of her PRW (See Plaintiff's Brief at page 5).   As to Plaintiff's PRW the ALJ found

> In comparing the claimant's residual functional capacity with the physical and mental demands of this work the undersigned finds that the claimant is able to perform it as actually and generally performed. The vocational expert testified regarding exertional demands and skill level of the claimant's work history as follows: batch entry clerk (sedentary, semi-skilled), health information clerk (sedentary, semi-skilled), medical record clerk (light, semi-skilled), accounts clerk (sedentary, skilled), and senior records clerk (light, semi-skilled)

(TR. 20, 325, 327). In addition to the testimony of the VE the ALJ relied upon the work history provided by the Plaintiff (TR. 81-82, 89-96, 111-118, 131, 133). The ALJ stated that he considered all evidence in the record and the record contains substantial evidence of the physical demands of Plaintiff's PRW (TR. 15). The ALJ was not required to specify the mental demands of Plaintiff's PRW because he found Plaintiff's mental impairments to be non-severe.

Plaintiff argues that reliance on the VE's testimony at step four was improper (See Plaintiff's Brief at page 5).   In support of his position, Plaintiff cites *Winfrey v. Chater*  92 F.3d 1017 (10th Cir. 1996). While instructive on the responsibilities of an ALJ at step four, the undersigned finds that *Winfrey* is not dispositive. In *Winfrey* the ALJ failed to include all of Plaintiff's exertional limitations in his RFC finding and failed to develop the record on, and to make the required findings about, the mental demands of Plaintiff's PRW. *Winfrey* at 1025.   This failure infected the third phase, where the ALJ abdicated his fact finding and evaluation responsibilities to the VE. *Winfrey* at 1025.   In the present case, the ALJ included in the RFC all of Plaintiff's limitations which were supported by substantial evidence, and made all of the necessary findings to support his step four analysis (TR. 18, 20)..

The ALJ's reliance on the testimony of the VE was proper only because his questions to the

VE included all of the limitations established by substantial evidence and because the ALJ made his own specific findings (TR. 18, 20).   While the ALJ may rely on information supplied by the VE at step four, the ALJ himself must make the required findings on the record, including his own evaluation of the claimant's ability to perform his PRW. SSR 82-62; *Winfrey* at 1025. It is improper for an ALJ to make RFC findings and then to delegate the remaining phases of the step four analysis to the VE, because in such cases, "the remainder of the step four assessment takes place in the VE's head" and "we are left with nothing to review." *Winfrey* at 1025.

In this case the ALJ did not delegate the analysis to the vocational expert; instead, he quoted the VE's testimony approvingly, in support of his own findings at phases two and three of his step four analysis. An "ALJ may rely on information supplied by the VE at step four." *Winfrey* at 1025. The ALJ's findings were adequate here to satisfy the step four requirements articulated in *Winfrey.  See Doyle v. Barnhart,* 331 F.3d 758, 761 (10th Cir. 2003).

Thus, it appears that the ALJ's step four analysis and his determination that Plaintiff was capable of performing his PRW is supported by substantial evidence.

# III.

Plaintiff urges on appeal that the ALJ erred in failing to consider the treating source report of her chiropractor, Michael B. Rowe, D.C., 20 C.F.R. §404.1513 defines acceptable medical sources as those

> Sources who can provide evidence to establish an impairment. We need evidence from acceptable medical sources to establish whether you have a medically determinable impairment(s). See § 404.1508. Acceptable medical sources are-- (1) Licensed physicians (medical or osteopathic doctors); (2) Licensed or certified psychologists. Included are school psychologists, or other licensed or certified individuals with other titles who perform the same function as a school psychologist in a school setting, for purposes of establishing mental retardation, learning disabilities, and borderline intellectual functioning only;...

> Other sources. In addition to evidence from the acceptable medical sources listed in paragraph (a) of this section, we may also use evidence from other sources to show the severity of your impairment(s) and how it affects your

> ability to work. Other sources include, but are not limited to--(1) Medical
> sources not listed in paragraph (a) of this section (for example, nurse-
> practitioners, physicians' assistants, naturopaths, chiropractors, audiologists,
> and therapists);

20 C.F.R. §404.1513(a)(1-2) & (d)(1). The record fails to demonstrate that Dr. Rowe was anything other than a chiropractor (TR. 238-240).  Thus, the ALJ was not required to accord Dr. Rowe's opinions the weight given to the opinions of a treating physician. *See Barnett v. Apfel*, 231 F.3d 687, 690 (10th Cir. 2000) (ALJ properly rejected chiropractor's report which the regulations provide are not entitled to the same significant weight as reports by a physician).

SSR 06-03p instructs the ALJ to explain the weight given to opinions from these "other sources," or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case.  *Frantz v. Astrue*, 509 F.3d 1299, 1302 (10th Cir. 2007). In his decision the ALJ specifically mentions the opinion of Dr. Rowe that Plaintiff "has problems with prolonged sitting and standing as well as carrying and lifting" (TR. 19). The ALJ also noted that Plaintiff had

> Relatively mild abnormalities of the spine as shown on MRI.
> However, the claimant does not have a spinal abnormality for which
> surgical intervention has been recommended nor does the record
> suggest she has a spinal disorder for which surgical intervention is
> appropriate. The clamant has been instructed on exercises she is to
> perform at home. She has not been involved in a formal physical
> therapy program.

(TR. 20). The ALJ appears to have adopted the opinion of Dr. Rowe and incorporated the opinion into Plaintiff's RFC for sedentary work (TR. 18). To the extent that the ALJ failed to incorporate Dr. Rowe's opinion that Plaintiff had problems with "any" lifting, the ALJ provided an adequate discussion of the evidence which allows this reviewer to follow the adjudicator's reasoning (TR. 238, 19-20).

Thus, it appears that the ALJ properly considered the opinions of Plaintiff's medical source, Dr. Rowe.

**RECOMMENDATION**

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the decision of the Commissioner is supported by substantial evidence and should be **AFFIRMED**. The parties are advised of their right to object to these findings and recommendation within twenty (20) days of the date of the filing hereof, in accordance with 28 U.S.C. §636 and Local Court Rule 72.1 (a). The parties are further advised that failure to make timely objection to these findings and recommendation waives their right to appeal from a judgment of the district court based upon these findings and recommendation. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

The foregoing Findings and Recommendation disposes of all issues referred to the undersigned magistrate judge in the above captioned matter.

ENTERED this 6th day of October, 2008.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE